UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINE STRAUSS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:07-cv-975

Weber, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") (Tr. at 17-25) (ALJ's decision)).

**I.**

Plaintiff filed applications for DIB and SSI on July 26, 2002, alleging a disability onset date of June 24, 2002 due to migraine headaches, seizures, asthma, pseudo tumor cerebri, and depression. Her application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on November 10, 2005 (Tr. 643-81.) Tracy Young testified as a vocational expert.

On January 25, 2006, the ALJ entered her decision denying Plaintiff's claim. That

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on February 17, 2006. (Tr. 13.)

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant meets the non-disability requirements(i) of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since June 24, 2002 (20 CFR 404.1520(b)).

3. The claimant has the following severe impairments: pseudotumor cerebri with headache and intermittent syncope; asthma; a depressive disorder; and a conversion disorder (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

5. After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has a residual functional capacity to perform medium work as defined by 20 CFR 404.1567, but she unable to be exposed to unprotected heights or hazards; requires a clean air environment, and is limited to routine, repetitive tasks with only occasional interaction with supervisors, co-workers, and the general public in a low stress work environment.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565)

7. The claimant was born on May 12, 1969 and was 33 years old on the alleged disability onset date. She is 36 years old at present and is younger individual age 18-49 (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

> 9. The claimant obtained no skills from past relevant work transferrable to other jobs (20 CFR § 1563).
>
> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566.)
>
> 11. The claimant has not been under a "disability", as defined in the Social Security Act, from October 18, 2004 through the date of this decision. (20 CFR 404.1560(g)).

(Tr. 19 - 25.)

In summary, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was therefore not entitled to DIB and/or SSI.

On appeal, Plaintiff maintains that: (1) the ALJ erred in determining Plaintiff's residual functional capacity (RFC); and (2) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints. Each argument will be addressed in turn.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

3

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

Upon consideration of an application for disability benefits, the ALJ is guided by a sequential benefits analysis, which works as follows: At Step 1, the ALJ asks if the claimant is still performing substantial gainful activity; at Step 2, the ALJ determines if one or more of the claimant's impairments are "severe;" at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the ALJ determines whether or not the claimant can still perform her past relevant work; and, finally, at Step 5 – the step at which the burden of proof shifts to the ALJ – the ALJ determines, once it is established that the claimant can no longer perform her relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Gwizdala v. Commissioner of Soc. Sec.,* No. 98-1525, 1999 WL 777534, at *2 n.1 (6th Cir. Sept. 16, 1999) (*per curiam*). If the ALJ determines at Step 4 that the claimant can perform her past relevant work, the ALJ need not complete the sequential analysis. *See* 20 C.F.R. § 404.1520(a). However, if the ALJ errs in finding that the claimant can perform her past relevant work, the matter should be remanded for further consideration under Step 5. *See Lauer v. Bowen*, 818 F.2d 636, 641 (7th Cir. 1987).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**A.**

For her first assignment of error, Plaintiff maintains that the ALJ erred in determining Plaintiff's RFC. Specifically, Plaintiff argues that: (1) the ALJ erred by not accepting the RFC opinions of the Dr. Martin and Dr. Kaplanski; (2) the ALJ failed to properly explain the rejection of evidence favorable to Plaintiff; and (3) the ALJ impermissibly invented her own RFC. Upon careful review, the undersigned finds that Plaintiff's assertions are not well-taken.

An ALJ must give the opinion of a treating source controlling weight if he or she finds that the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the] case record." *Wilson v. Commissioner of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)).

If a treating physician's opinion is contradicted by substantial evidence, the opinion is not to be dismissed, and it is still entitled to deference. *Roush*, 326 F.Supp. 2d at 862. In weighing the various opinions and medical evidence, the ALJ must consider pertinent factors such as the length, nature and extent of the treatment relationship, the

frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence, and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6).

Should the ALJ reject a treating physician's opinion, the ALJ must "give good reasons" for not giving weight to that opinion in the context of a disability determination. *Wilson*, 378 F.3d at 544. A ruling issued by the SSA explains that, pursuant to 20 C.F.R. § 440.1527(d)(2), a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (1996); *see also Wilson*, 378 F.3d at 544.

Here, Dr. Vincent Martin, a headache specialist, completed an RFC on October 24, 2005 in which he diagnosed chronic migraines and intracranial hypertension (Tr. 533). He stated that Plaintiff suffered from severe headaches three to four days a week daily for the last four years, with associated nausea/vomiting, photosensitivity and visual disturbances during which the Plaintiff would be precluded from even basic work activities (Tr. 533-537). Based on the severity and frequency of the Plaintiff's headaches, he opined she would be absent from work more than four times per month and was incapable of even low stress jobs. (*Id*). However, although he indicated he had been treating Plaintiff for several months, it is not clear that the record even contains any reports or progress notes from Dr. Martin.

Furthermore, in December 2002, Dr. Zwibelman reported that Plaintiff continued to have headaches, neck pain and blackout spells. (Tr. 332.) Dr. Zwibelman indicated that Plaintiff's blackout spells likely were a conversion disorder, and that the majority of Plaintiff's problems were psychiatric. (Tr. 333.)

In November 2002, Dr. Zwibelman further opined that Plaintiff's pseudotumor does not contribute to her headaches, and he also found that Plaintiff's overuse of analgesics promoted rebound headaches. (Tr. 335.)

In February 2003, Dr. Jordan opined that mental impairments were "her # 1 problem." (Tr. 382.). In May 203, Dr. Boutwell opined that Plaintiff's headaches are not secondary to pseudotumor cerebri but are instead a chronic daily headache from analgesic overuse syndrome. (Tr.  ) In August 2003, Dr. Jordan reported that "intensive psychiatric care is of the utmost priority." (Tr. 375.)

Thus, as found by the ALJ, substantial evidence contradicts Dr. Martin's findings and indicates that Plaintiff's headaches (and seizures) were largely psychiatric in nature, *See* Tr. 23, 193-94, 333, 376. Therefore, the ALJ properly declined to give this opinion weight because she found that it was based on Plaintiff's subjective reports and was not based on objective evidence. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ( "[t]his court has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

Plaintiff further argues that the ALJ should have given significant weight to Dr. Kaplanski's opinion when formulating the functional capacity and credibility findings.

7

Plaintiff also asserts that the ALJ the committed reversible error because she failed to even mention Dr. Kaplanki's exam and opinions. Plaintiff's assertions lack merit.

On November 4, 2002, Dr. Kaplanski performed a psychological consultative evaluation wherein he diagnosed depressive disorder and alcohol abuse, and opined that plaintiff was "not capable of working" due to her physical and mental difficulties. (Tr. 165- 167).

Contrary to plaintiff's assertion that the ALJ ignored Dr. Kaplanski's opinion (Pl's Br. at 7), the ALJ specifically noted and considered Dr. Kaplanski's November 2002 evaluation and finding of "major depression and alcohol abuse." (Tr. 21) (citing Exhibit 1F). However, as noted by the ALJ, despite being prescribed medication by Dr. Jordan, plaintiff reported that she was not taking psycho-tropic medication. (Tr. 21, 165) . Furthermore, although Plaintiff reported episodes of altered personality, and agreed to see a psychiatrist at Dr Jordan's suggestion, there is no evidence that she did so.

Moreover, two later opinions by State Agency psychological consultants found that Plaintiff was able to perform a limited range of work. (Tr. 183-84, 199, 214); *see Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994) (examining psychologist's opinion rejected based on state agency reviewing doctors opinions). Notably, Dr. Franz explicitly found that Dr. Kaplanski's opinion was not supported. (Tr. 183-84).

Lastly, the ALJ's RFC finding is supported by the evidence of record, including the reports provided by the State Agency medical and psychological consultants. For example, Dr. Stockwell indicated that Plaintiff could perform work that did not involve

8

heights, hazards, or exposure to inhaled irritants. (Tr. 185-93.) Additionally, Dr. Schulman indicated that Plaintiff could perform 1-4 step tasks and casually relate to other people. (Tr. 199.)

Accordingly, the ALJ considered the medical evidence and treatment history after and properly found that they did not support a finding of disability. Furthermore, the ALJ clearly articulated her reasoning for the weight assigned to the opinions of Dr. Martin and Dr. Kaplanski, and the undersigned finds that the ALJ's decision to give little weight to their findings is supported by substantial evidence.

**B.**

For her second assignment of error, Plaintiff maintains that ALJ erred in finding "plaintiff not all credible." Plaintiff asserts that the RFC from Dr. Martin, the consultative exam performed by Dr. Kaplanski, the headache calendar composed by Plaintiff, and the Plaintiff's testimony at the hearing are all consistent and prove that Plaintiff was credible. (Tr. 165-167, 533-537).

It is within the discretion of the ALJ - who actually meets with and takes testimony from an individual plaintiff - to evaluate that plaintiff's credibility. As the Sixth Circuit has found: "[i]t is for the [Commissioner], not a reviewing court, to make credibility findings." *Felisky v. Bowen,* 35 F.3d 1027,1036 (6th Cir. 1994); *see also McGuire v. Commissioner of Soc. Sec.,* No. 98-1502, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999) (*per curiam*) ("An ALJ's findings based on the credibility of an applicant are to be accorded great weight and deference, particularly since the ALJ is charged with the duty

of observing a witness's demeanor and credibility").

As noted above, Dr. Martin and Dr. Kaplanski's findings were unsupported by and inconsistent with the evidence of record.

Moreover, as noted by the ALJ, although Plaintiff complained of seizures there is barely a mention of seizures in the record, and her level of medical treatment is inconsistent with her pain allegations. (Tr. 23.) The ALJ further noted that Plaintiff has been treated for intermittent migraines, but that the headaches were often attributed to her overuse of analgesic medications. Plaintiff's treating physicians have questioned the existence of significant physical abnormality, attributing her symptoms to a conversion disorder. As noted above, despite Dr Jordan's suggestion that she obtain psychiatric treatment, there is no evidence that she did so.

This evidence, taken together with the ALJ's observations regarding the possible psychiatric basis for her conditions, Plaintiff's lack of mental health treatment, and her presentation at the hearing, also supports the ALJ's finding that Plaintiff was not fully credible in asserting that she was disabled. *See* 20 C.F.R. § 404.1529(c)(3)..

As noted above, the issue is not whether the record could support a finding of disability, but rather whether the ALJ's decision is supported by substantial evidence. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The ALJ properly evaluated Plaintiff's allegations in accordance with controlling law, and she reasonably concluded that they were not fully credible. The ALJ's credibility finding is entitled to deference and thus should be affirmed. *See Jones v. Commissioner of Social Security*, 336 F.3d 469, 476 (6th Cir. 2003).

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

### IT IS THEREFORE RECOMMENDED THAT:

1. The decision of the Commissioner is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and should be **AFFIRMED.**

2. As no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:   February 10, 2009                           s/Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINE STRAUSS,                                Case No. 1:07-cv-975

    Plaintiff,                                            Weber, J.
                                                           Black, M.J.
vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## NOTICE

    Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).