```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

CHRISTINE STRAUSS,              :
                                :
                                :       NO. 1:07-CV-00975
         Plaintiff,             :
                                :
    v.                          :       **OPINION AND ORDER**
                                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
         Defendant.             :

This matter is before the Court on the Magistrate Judge's February 10, 2009 Report and Recommendation (doc. 12), and Plaintiff's Objections (doc. 16). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DISMISSES this case from the Court's docket.

**I. Background**

Plaintiff filed this action on November 26, 2007, seeking a judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's application for supplemental security income ("SSI") and disablity insurance benefits ("DIB") (doc. 1). Plaintiff filed an application for SSI and DBI on July 26, 2002, alleging disability onset of June 24, 2002, due to migraine headaches, seizures, asthma, pseudo tumor cerebri, and depression (doc. 12).

After Plaintiff's applications were denied once and then again upon reconsideration, she was granted a de novo hearing before an administrative law judge ("ALJ") (Id.).

The ALJ denied Plaintiff's applications on January 25, 2006 (Id.). In her decision, the ALJ determined that Plaintiff suffers from severe impairments of pseudotumor cerebri with headache and intermittent syncope, asthma, a depressive disorder, and a conversion disorder (Id.). The ALJ, however, found that Plaintiff's impairments alone or in combination do not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.). The ALJ also found Plaintiff's allegations regarding her disabilities "not all credible" (Id.). The ALJ determined Plaintiff has a residual functional capacity ("RFC") such that she can perform medium work as defined by 20 C.F.R. 404.1567, so long as she is unexposed to unprotected heights or hazards, has a clean air environment, and is limited to routine, repetitive tasks with only occasional interaction with supervisors, co-workers, and the general public in a low-stress work environment (Id.). Although the ALJ found Plaintiff is unable to perform her past relevant work, she determined Plaintiff could perform a significant range of jobs that exist in the national economy (Id.). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act and is not entitled to SSI or DBI (Id.).

Plaintiff appealed to the Appeals Council, which denied the appeal on February 17, 2006, therefore making the ALJ's decision the final decision of the Commissioner (Id.).

In her appeal, Plaintiff argues the ALJ failed in determining her RFC and in evaluating her pain, credibility, and subjective complaints (Id.). The Magistrate Judge disagreed (Id.). In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that Plaintiff's headaches and seizures were largely psychiatric in nature, and found the ALJ's decision to give little weight to the opinions of two of Plaintiff's physicians, Drs. Martin and Kaplanski, supported by substantial evidence (Id.). Moreover, the Magistrate Judge found fully supported by record evidence the ALJ's determination that Plaintiff's subjective allegations regarding her symptoms and limitations were not wholly credible (Id.). As such, the Magistrate Judge found the ALJ's RFC finding supported by substantial evidence and recommended that it be affirmed (Id.). Plaintiff filed her Objections on March 30, 2009 (doc. 16), so that this matter is now ripe for the Court's review.

**II. Discussion**

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that

3

"[t]he district judge to whom the case is assigned shall make a <u>de novo</u> determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." <u>Id.</u> The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." <u>Id.</u>

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); <u>Smith v. Sec'y of Health & Human Servs.</u>, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." <u>Casey v. Sec'y of Health & Human Servs.</u>, 987 F.2d 1230, 1233 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to SSI. 20 C.F.R. § 404.1512(a). To show that claimant is an "eligible individual" entitled to SSI, she must be disabled. 42 U.S.C. § 1382(a).

**A.  The Magistrate Judge's Report and Recommendation (doc. 12)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including

Plaintiff's hearing testimony (doc. 12). The Magistrate Judge then reviewed Plaintiff's two arguments on appeal, that 1) the ALJ erred in determining the Plaintiff's RFC, and 2) the ALJ erred in evaluating Plaintiff's pain, credibility, and subjective complaints.

The Court rejected Plaintiff's first argument, finding the ALJ's decision in determining Plaintiff's RFC supported by substantial evidence (Id.). In so doing, the Magistrate Judge specifically addressed and rejected three of Plaintiff's contentions, 1) that the ALJ erred by not accepting the RFC opinions of Drs. Martin and Kaplanski, 2) that the ALJ failed to properly explain the rejection of evidence favorable to Plaintiff, and 3) that the ALJ impermissibly invented her own RFC (Id.).

The Magistrate Judge found first that the ALJ properly gave little weight to the opinion of Dr. Martin that Plaintiff's headaches would cause her more than four absences from work, due to the fact that it was unclear that the record contained any reports or progress notes from Dr. Martin (Id.). Moreover, found the Magistrate Judge, substantial evidence in the record showed Drs. Zwibelman and Boutwell attributed Plaintiff's headaches to the overuse of analgesics, and Drs. Zwibelman and Jordan attributed the majority of Plaintiff's problems to mental impairments (Id.).

The Magistrate Judge similarly found substantial evidence to counter Dr. Kaplanski's opinion that Plaintiff was not capable

of working due to her physical and mental difficulties (Id.). The Magistrate Judge disagreed with Plaintiff's contention that the ALJ ignored Kaplanski's opinion, finding the ALJ noted that despite being prescribed medicine by Dr. Jordan, she took no psychotropic medication (Id.). In addition, the Magistrate Judge found no evidence that Plaintiff saw a psychiatrist, although she agreed to do so at Dr. Jordan's suggestion (Id.). Moreover, the Magistrate reported two later opinions by state agency psychological consultants that found Plaintiff was able to perform a limited range of work (Id.). Dr. Franz, specifically, found Dr. Kaplanski's opinion unsupported (Id.). Finally, the Magistrate Judge opined that the ALJ's RFC finding was supported by evidence of record, including Dr. Stockwell's finding that Plaintiff could perform work that did not involve heights, hazards, or exposure to inhaled irritants (Id.). Similarly, Dr. Schulman indicated Plaintiff could perform 1-4 step tasks and casually relate to other people (Id.).

Accordingly, the Magistrate Judge concluded the ALJ considered the medical evidence and treatment history and properly found they did not support a finding of disability (Id.). The Magistrate Judge found the ALJ's decision to give little weight to the opinions of Drs. Martin and Kaplanski was supported by clearly articulated reasons and by substantial evidence (Id.).

The Magistrate Judge next addressed the ALJ's credibility

assessment (Id.). In Plaintiff's view, Dr. Martin's RFC determination, Dr. Kaplanski's consultative exam, Plaintiff's headache calendar, and Plaintiff's testimony hearing are all consistent, and show she was credible (Id.). The Magistrate Judge, however, noted that the ALJ's credibility findings are to be accorded great weight and deference (Id. citing McGuire v. Commissioner of Soc. Sec., No. 98-1052, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999)). Moreover, noted the Magistrate Judge, the findings of Drs. Martin and Kaplanski, as previously discussed, are unsupported and inconsistent with evidence of record (Id.). The Magistrate Judge noted that although Plaintiff complained of seizures there is barely a mention of seizures in the record, and Plaintiff's level of medical treatment is inconsistent with her pain allegations (Id.). Additionally, the Magistrate Judge reiterated that Plaintiff's headaches were attributed to the overuse of analgesics, and that though Dr. Jordan suggested psychiatric treatment, there is no evidence that she did so (Id.). Accordingly, the Magistrate Judge concluded that the ALJ, who observed Plaintiff at the hearing, properly evaluated Plaintiff's allegations in accordance with controlling law, and reasonably concluded they were not fully credible (Id.). The Magistrate Judge therefore recommended that the decision of the Commissioner is supported by substantial evidence, that it should be affirmed, and this case should be closed (Id.).

**B. Plaintiff's Objections (doc. 16)**

Plaintiff argues in her objections that the Magistrate Judge and ALJ erred in the weight they accorded to the RFC findings of Drs. Martin and Kaplansky (doc. 16). Plaintiff argues the opinion of Dr. Martin, a headache specialist, is supported by objective testing showing physical maladies, including a 2001 EKG, lumbar punctures, and clinical findings of pailledema and distorted visual perception (Id.). Plaintiff contends there was always a psychological component attached to Plaintiff's physical problems, and Dr. Kaplanski's diagnosis of major recurrent severe depression and conclusion that Plaintiff was "credible" and "not capable of working" should control (Id.).

Plaintiff questioned the Magistrate Judge's reasoning that Dr. Martin's RFC should be rejected based on the fact several doctors found a psychiatric component to Plaintiff's headaches (Id.). Plaintiff argues all such evidence cited was generated in 2002 and 2003, well before Dr. Martin began treating Plaintiff and almost three years before the hearing (Id.). In Plaintiff's view, the evidence is dated and should not be construed as substantial evidence to discount Dr. Martin's opinions (Id.). Moreover, argues Plaintiff, Dr. Martin is a specialist and he is more qualified to render opinions than non-specialists (Id.).

Plaintiff argues that even if her problems were psychiatric as opposed to physical, she still should have been

found disabled, as in any event she suffered headaches, seizure episodes, depression, anxiety, and other symptoms to a disabling magnitude (Id.). Plaintiff contends the Magistrate Judge chose to have it both ways in finding Plaintiff's physical problems were primarily psychiatric in nature and not disabling, as most of the medical treatment was for physical problems as opposed to mental problems (Id.). Plaintiff argues the Magistrate Judge improperly considered the opinions of the non-treating physicians as substantial evidence contrary to the opinion of the treating physician (Id.). Finally, Plaintiff argues the ALJ failed to discuss why she rejected evidence favorable to Plaintiff: the headache and seizure calendars, disabling GAF scores, Dr. Kaplansky's opinions on credibility and disability, and the objective physical test results (Id.). For these reasons as well, the Plaintiff requests a remand of this matter for further proceedings (Id.).

**C. Analysis**

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 12), and denies Plaintiff's Objections (doc. 16).

In spite of Plaintiff's objections to the Magistrate

Judge's report, the Court finds sufficient clinical evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); Smith, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding the opinions of Drs. Martin and Kaplanski unsupported and inconsistent with other evidence in the record. The Magistrate Judge also correctly asserted that the ALJ was within her bounds to weigh the inconsistent evidence and that her credibility assessment is entitled to deference.

In her objection, Plaintiff criticizes evidence generated in 2002 and 2003 as "dated" while relying on a 2001 EKG as substantial evidence in support of Dr. Martin's opinion. Plaintiff in no way addresses the substantial evidence in the record attributing much of her headaches to the abuse of analgesics. Nor does Plaintiff address the fact that although Dr. Jordan suggested psychiatric treatment, there is no evidence that she ever underwent such treatment. The Court disagrees with Plaintiff's contention that the Magistrate Judge had it both ways in finding her physical problems were primarily psychiatric in nature and not disabling. It appears rather Plaintiff seeks to have it both ways in seeking a finding of either a physical or mental impairment when substantial evidence shows she does not qualify. Although Plaintiff kept track of headaches on a calendar, evidence attributes them to her use of analgesics. Although Plaintiff complains of seizure episodes, the record barely reflects a mention

of seizures.  In a case as this, Dr. Kaplanski's opinion based on a November 4, 2002 consultation may be rejected based on state agency reviewing doctors' opinions.  Baker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).   Similarly, Dr. Martin's opinion is not supported in the record, as the record has a dearth of any reports or progress notes.

The Court concludes that the opinions of Drs. Martin and Kaplanski were unsupported, contradicted by the testimony of the other physicians, and are further thrown into question by the ALJ's credibility assessment.  For these reasons, the Court does not find Plaintiff's objection well-taken.

**III. Conclusion**

The Court concludes that the ALJ's decision regarding Plaintiff's residual functional capacity is supported by substantial evidence and finds well-taken the ALJ's credibility assessment.  McGuire v. Commissioner of Soc. Sec., No. 98-1052, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999).  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 12) in all respects, and DISMISSES this case from the Court's docket.


SO ORDERED.


Date: August 25, 2009        /s/ S. Arthur Spiegel
                             S. Arthur Spiegel